ITHACA AGRICULTURAL WORKS *v.* EGGELSTON.

(*Supreme Court, General Term, Fourth Department.*   January 19, 1889.)

JUDGMENT—ASSIGNMENT.

    Upon an application for leave to issue execution upon a judgment after five years had elapsed from the time it was docketed, contestant appeared, alleging that he was the owner of the judgment by assignment.   It appeared that plaintiff had agreed to sell him the judgment for a certain sum, and to make out an assignment, and leave it with a justice of the peace, the assignment to be made out and money paid within three weeks.   Neither party ever performed the agreement.   *Held* that, the agreement being executory, no title vested in contestant.

Appeal from Chenango county court.

Application by the Ithaca Agricultural Works for leave to issue an execution upon a judgment after five years had elapsed from the time it was docketed.   Application denied, and plaintiff appeals.

*M. N. Tompkins,* for appellant.   *Fancher & Sewell,* for respondent.

KENNEDY, J.   The court of appeals held in this case, when the same was before it, that the matter was in the nature of a special proceeding, and that an appeal could therefore be brought to the general term to review the order made by the county court.   14 N. E. Rep. 312.   The case is therefore properly here to be determined upon the merits.   The defendant in the judgment, Judah Eggelston, did not appear upon the motion, and no opposition was interposed by him to the granting of the relief sought.   One Alden B. Eggelston appears, and opposes upon the ground that he is the owner of the judgment, having before that time purchased it of the plaintiff.   Upon the original application an order was made by the county court, referring the matter to a referee to take evidence upon the question of the ownership, and report the same with his opinion.   The hearing was had.   The referee made his report, including his findings both of fact and law.   A motion was made to confirm the same, and it came on for hearing upon exceptions filed by the plaintiff.   It was confirmed by the county court, and the order now appealed from, denying leave to issue execution, entered.   This order rests upon the ground that Alden B. Eggelston, the contestant, was the owner of the judgment, deriving title from the plaintiff.   By the second finding the referee reports that about July 2, 1883, the plaintiff made an agreement in writing with said Alden B. Eggelston, whereby it agreed to sell to him the said judgment of $310.69, and to make out and leave with one Bently, a justice of the peace, an assignment of the same; and said Eggelston agreed to pay $50 therefor, the assignment to be made out and the money paid within three weeks from the time of making said agreement.   The evidence given by the respondent, if believed, justified this finding.   This agreement was never performed by either party.   It is executory in its character, and is simply an agreement to sell.   Its effect is not to transfer the judgment, or to vest any title in Alden Eggelston to it.   His remedy is either by a proper action to compel the performance of the agreement or to sue and recover damage for its non-performance.   *Anderson* v. *Read,* 106 N. Y. 333, 13 N. E. Rep. 292; opinion of SEDGWICK, C. J., at general term, (19 Jones & S. 326;) PECKHAM, J., court of appeals.   The title to the judgment remains in the agricultural works.   It, being the owner, has the right to enforce its collection.   It being conceded that no part of the judgment has been paid; that the time for the issue of execution thereon without leave of the court had expired when the motion was made,—it should have been granted.   The court of appeals having held this to be a special proceeding within section 1357 of the Code of Civil Procedure, this court may,

under section 1320, grant the relief which the county court should have granted. The order of reference, granted December 10, 1883, is affirmed, but the order of confirmation, granted October 13, 1884, is reversed, and leave is granted to the Ithaca Agricultural Works to issue an execution against Judah Eggelston, with $10 costs and disbursements in the county court, and with the costs of this appeal against Alden B. Eggelston. All concur.